PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:    (818) 883-4900
Fax:             (818) 883-4902
Email:           peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3579 East Foothill Blvd., No. 338
Pasadena, CA 91107
Telephone:    (213) 599-8255
Fax:             (213) 402-3949
Email:           lonnieblanchard@gmail.com

Attorneys for Plaintiff Vicki Hebert

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vicki Hebert, on behalf of herself and all others similarly situated, | **Case No. 3:19-cv-00591-BEN-JLB** <br> **FIRST AMENDED CLASS ACTION** |
| Plaintiff, | **First Amended Complaint and Demand for Jury Trial** |
| vs. | |
| Barnes & Noble, Inc., and Does 1 through 10, | |
| Defendants. | |

Plaintiff Vicki Hebert ("Plaintiff") alleges:

1. This class action alleges that certain policies and practices followed by Defendants in procuring or causing to be procured consumer reports for employment purposes violate the provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq*. Specifically, Defendants violated Section 1681b(b) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without first making the requisite disclosures.

2. Vicki Hebert ("Plaintiff") is a "consumer" protected by the FCRA.

3.    The FCRA defines a "person" as ". . . any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental sub-division, or other entity."

4.    Defendant Barnes & Noble, Inc. ("Barnes & Noble") is a business entity doing business in San Diego County, California and is a "person" as defined by the FCRA.

5.    Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and Class Members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

6.    Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all the Defendants conspired with other Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in committing the acts alleged herein.

**First Cause of Action**
**Violation of 15 U.S.C. Section 1681b(b)(2)**
**(Against All Defendants)**

7.    Plaintiff realleges all the preceding paragraphs.

8.    The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for. . . (B) employment purposes."

**First Amended Complaint**

9. Barnes & Noble, as standard practice, routinely procures or causes to be procured "consumer reports" from consumer reporting agencies about consumers for employment purposes.

10. 15 U.S.C. Section 1681b(b) regulates the conduct of "persons" who furnish, use, procure or cause to be procured a "consumer report" for employment purposes as follows:

(b) Conditions for furnishing and using consumer reports for employment purposes

(1) Certification from user

A consumer reporting agency may furnish a consumer report for employment purposes only if --

(A) the person who obtains such report from the agency certifies to the agency that--

(i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

(ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

(B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), *a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer*, unless--

(i) *a clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. . . . (Emphasis added.)

**First Amended Complaint**

3

11. In or about September of 2018, Plaintiff , a resident San Diego County, California, applied for a job with Barnes & Noble. As part of the application process, Barnes & Noble procured or caused to be procured a consumer report regarding Plaintiff from First Advantage, a consumer reporting agency.

12. Barnes & Noble violated Section 1681b(b)(2) by procuring or causing to be procured a consumer report for employment purposes regarding Plaintiff and other class members without making the required "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure."

13. For example, the disclosure contains a liability waiver in which Barnes & Noble's consumer reporting agency, First Advantage, purports to "expressly disclaim[] any warranties or responsibility or damages associated with or arising out of information provided herein."  This extraneous information pulls an applicant's attention away from his or her privacy rights protected by the FCRA by calling his attention to the rights that he or she is giving up.

14. The disclosure also contains additional information violative of the FCRA in which Defendant informs applicants that "[n]othing contained herein should be construed as legal advice or guidance."

15. More confusing still is extraneous information in which Defendant's disclosure, which was provided to prospective employees (like Plaintiff), states that "Employers should consult their own counsel about their compliance responsibilities under the FCRA and applicable state law." The inclusion of this disclaimer has absolutely nothing whatsoever to do with providing prospective employees with a stand-alone FCRA disclosure. In fact, this disclaimer is directed not to prospective employees at all but, rather, to employers. This simply has no place in a disclosure for potential employees.

16. The disclosure also haphazardly lumps consumer reports and investigative reports together by describing both as including information on character, general reputation, personal characteristics, and mode of living. The disclosure does not bother distinguishing between regular and investigative consumer reports or state whether the information subsequently

provided applies to only one or the other. (*Cf* 15 U.S.C. § 1681a(d)(1) (defining "consumer report") with 15 U.S.C. § 1681a(e) (defining "investigative consumer report").)

17. Notably, the disclosure goes on to inform applicants that the notice and authorization purportedly constitutes a contractual commitment by the applicant that provides Defendant with permanent unfettered access to procure both consumer reports and investigative consumer reports during the entire "course of your employment" with Barnes & Noble. The ongoing nature of this contractual provision is not clear much less closely related to the consumer report disclosure—it serves only to further pull the employee's attention away from the required disclosure and the employee's privacy rights protected by the FCRA.

18. Barnes & Noble knew or should have known about its legal obligations under the FCRA. Barnes & Noble obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these obligations. Barnes & Noble either knew or recklessly failed to know the disclosure requirements of Section 1681b(b)(2) and that its acts in procuring or causing to be procured a consumer report regarding Plaintiff and other class members without providing the required disclosure to them was facially contrary to the express language of Section 1681b(b)(2) and all administrative guidance available and violated the law. Despite knowing of these legal obligations, Barnes & Noble intentionally and/or recklessly acted consciously in breaching its known duties and depriving Plaintiff and other Class members their rights under the FCRA.

19. As a result of these FCRA violations, Barnes & Noble is liable for statutory damages from $100 to $1,000 for each violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and attorney's fees and costs pursuant to Section 1681n and Section 1681o.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this claim for herself and on behalf of a class initially defined as follows:

All persons residing in the United States (including all territories and other political subdivisions of the United States) as to whom Barnes & Noble or any of its related companies procured or caused to be procured a consumer report for employment purposes on or after five years prior to the filing of the complaint to the date set by the court without first providing a clear and conspicuous disclosure in writing to the consumer at any time before the report was procured or caused to be procured, in a document that consisting solely of the disclosure, that a consumer report may be obtained for employment purposes.

21. **Numerosity.** The members of the Class are believed to be over 1,000 and are so numerous that joinder of all members is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

22. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a.   Whether Defendants violated Section 1681b(b) by procuring or causing to be procured consumer reports for employment purposes without making the required "clear and conspicuous" disclosure "in a document that consists solely of the disclosure" as required by Section 1681b(b)(2)(A)(i).

   b.   Whether Defendants' violations were willful.

23. **Typicality.** Plaintiff's class claims are typical of the claims of Class members. Plaintiff for class certification purposes seeks only statutory and punitive damages. In addition, Plaintiff is entitled to the same relief under the class claims as the other members of the Class.

24. **Adequacy.** Plaintiff is an adequate representative of the Class members because Plaintiff's interests coincide with and are not antagonistic to the interests of the Class members. Plaintiff has retained counsel competent and experienced in FCRA class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

25. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. For an order certifying the proposed FCRA class and appointing Plaintiff and Plaintiff's undersigned counsel of record to represent same;

2. For statutory damages;

3. For punitive damages;

4. For attorney's fees and costs;

5. For interest as provided by law;

6. For such other and further relief as the Court deems proper.

**First Amended Complaint**

Dated: April 10, 2019          THE DION-KINDEM LAW FIRM


                               BY: _____
                                    PETER R. DION-KINDEM, P.C.
                                    PETER R. DION-KINDEM
                                    Attorney for Plaintiff Vicki Hebert


**Demand for Jury Trial**

Plaintiff demands a jury trial.

Dated: April 10, 2019          THE DION-KINDEM LAW FIRM


                               BY: _____
                                    PETER R. DION-KINDEM, P.C.
                                    PETER R. DION-KINDEM
                                    Attorney for Plaintiff Vicki Hebert